IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OMAR GARCIA | § | |
| v. | § | CIVIL ACTION NO. 6:07cv166 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Omar Hernandez Garcia, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Garcia was convicted of aggravated kidnapping in the 7th Judicial District Court of Smith County, Texas, on July 2, 2003, receiving a sentence of 50 years in prison. He took a direct appeal, which was dismissed for want of jurisdiction on August 6, 2003, and did not seek discretionary review. Instead, on August 23, 2005, over two years later, Garcia filed an application for the writ of habeas corpus in state court. This application was denied without written order by the Texas Court of Criminal Appeals on February 1, 2006, on the findings of the trial court without a hearing. On April 3, 2007, Garcia signed his federal habeas corpus petition.

This petition alleged that Garcia is a Mexican national, but was arrested in the United States and denied rights embodied in the Vienna Convention Treaty. He says that his attorney failed to contact the Mexican embassy, failed to provide him with an interpreter, and failed to object to the absence of an interpreter. Garcia also says that during the jury trial, his attorney told him that if he "signed some papers," he could get contact with the Mexican Embassy and be deported to Mexico.

1

After review of the pleadings, the Magistrate Judge issued a Report on May 1, 2007, recommending that the petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge observed that Garcia's conviction became final on September 5, 2003, when his time for seeking discretionary review expired, and that Garcia's state habeas petition did not serve the toll any portion of the limitations period because it had been filed after this period had ended.  Finally, the Magistrate Judge determined that Garcia had not shown any basis upon which to equitably toll the statute of limitations.

Garcia filed objections to the Magistrate Judge's Report on June 4, 2007.  In his objections, Garcia says that he is entitled to equitable tolling because he actively pursued his claims by trying to contact the Mexican Embassy through his attorney, and that the failure of his attorney to do so constitutes "extraordinary circumstances" preventing him from bringing his claims in a timely manner, thus entitling him to equitable tolling of the statute of limitations.

In support of his objections, Garcia attaches an affidavit saying that he has read of a case involving an individual named Jose Ernesto Medellin, a Mexican national currently on death row in Texas.  He says that the International Court of Justice in the Hague ruled that the convictions of Medellin and other Mexican nationals violated the Geneva Convention treaties, and that President Bush ordered new state court hearings for the defendants.  Apparently quoting the President, Garcia says that "although the U.S. President does not agree with the international tribunal's interpretations of the Vienna Convention, the United States had agreed to the Hague Court's resolutions of the dispute and said that it would abide by the outcome."  Garcia argues that he was denied rights embodied in the Vienna Convention because he was not allowed to contact the Mexican Consulate, and was not even informed of his right to do so.  Garcia says that his attorney falsely alleges that he, the attorney, informed Garcia of this right and that Garcia declined, but that in fact the court records show that he stated in open court that he needed to contact the Mexican Embassy and that his attorney said that "he would do so soon," but he never did.

2

Garcia also attaches copies of an inmate request form which he filed in the Smith County Jail on May 28, 2003, asking that he be appointed a new lawyer and saying that he wished to talk to the Mexican Consulate because he is a Mexican citizen.  The response was that Garcia should write to Judge Kent about his attorney, and that the officer "would find out" about the Mexican consulate.

On November 15, 2006, the Texas Court of Criminal Appeals handed down a decision called Ex Parte Medellin, --- S.W.3d —, slip op. no. AP-75207 (Tex.Crim.App., Nov, 15, 2006) (unpublished) (available on WESTLAW at 2006 WL 3302639.  In this case, the Court of Criminal Appeals said that the International Court of Justice decision was not binding federal law and thus did not preempt a state procedural rule establishing requirements for consideration of a subsequent application for the writ of habeas corpus; a memorandum issued by the President[1] violated the Separation of Powers doctrine and therefore did not preempt a state procedural rule establishing requirements for consideration of a subsequent application for writ of habeas corpus; the International Court of Justice opinion was not a previously unavailable factual basis entitling Medellin to review and reconsideration of his Vienna Convention claim under the state procedural rule; and neither the ICJ opinion or the memorandum from the President was binding law, and so neither of these could be a previously unavailable legal decision entitling Medellin to review and reconsideration of his Vienna Convention claim under the state procedural rule.  The Supreme Court has granted certiorari in the Medellin case.  See Medellin v. Texas, 127 S.Ct. 2129 (April 30, 2007).

The Supreme Court has previously held that claims under the Vienna Convention are subject to the same procedural default rules that apply to other federal law claims.  Sanchez-Lamas v. Oregon, 126 S.Ct. 2669, 2687 (2006); Breard v. Greene, 118 S.Ct. 1352, 1355 (1998).  It stands to reason, therefore, that such claims are also subject to the statute of limitations.

---

[1] This memorandum stated, in pertinent part, that "I have determined, pursuant to the authority vested in me as President ... that the United States will discharge its international obligations under the decision of the International Court of Justice ... by having State courts give effect to the decision in accordance with general principles of comity in cases filed by the 51 Mexican nationals addressed in [the ICJ's opinion].  Medellin, slip op. at ---.

In the present case, Garcia himself makes clear that he knew, at the time of his trial, of his right to contact the Mexican Consulate.  He attaches a copy of a jail request form in which he says that he wanted to contact the Consulate, and he says that he voiced such a desire at his trial.  Thus, Garcia was aware of the factual basis of his claim in July of 2003, at the time that he was sentenced; he offers no reason why he waited over two years after the dismissal of his appeal in which to raise his first collateral challenge to his conviction through the state habeas corpus process.  Although he says that his attorney's failure to contact the Mexican Consulate was an "extraordinary circumstance," he points to nothing which prevented him from seeking habeas corpus relief on this claim in a timely manner, within a year after his conviction became final; this time period was clearly sufficient for Garcia to realize that counsel had not contacted the Mexican Consulate and that he could be entitled to relief on this basis.  As noted above, Garcia was aware of his right to do so, having raised it in a jail request form and at trial.  Garcia has failed to show that he is entitled to equitable tolling of the statute of limitations, and so his objections are without merit.

In addition, the Court notes that the Fifth Circuit has held that Article 36 of the Vienna Convention, dealing with the requirement that an arresting Government notify a foreign national of his right to contact his consul, does not confer individually enforceable rights.  Medellin v. Dretke. 371 F.3d 270, 280 (5th Cir. 2004), *citing* U.S. v. Jiminez-Nava, 243 F.3d 192, 195 (5th Cir. 2001). Garcia's claim under the Vienna Convention is unavailing for this reason as well.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such review, the Court has determined that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit.   It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

4

ORDERED that the Petitioner Omar Hernandez Garcia is DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 17th day of July, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**